UNITED STATES v. McCABE. SAME v. MAGEE. SAME v. LEACH. SAME v. MACE.

(Circuit Court, S. D. New York. November 3, 1893.)

1. ELECTIONS—FRAUDULENT REGISTRATION—SUFFICIENCY OF INDICTMENT.

An indictment under Rev. St. § 5512, for fraudulent registration, must designate the acts done by the accused in and about his registration, which resulted in a fraudulent registration of him by the inspectors of election, and an indictment in which the only act charged against the defendant is that he "fraudulently registered" is fatally defective.

2. SAME—PLACE OF REGISTRATION.

Where, as in the state of New York, the requirements of the law as to the registration of voters are different in different parts of the district within the jurisdiction of the court, an indictment under Rev. St. § 5512, for fraudulent registration, must specify the election district in which the fraudulent registration was effected.

At Law. Indictments in the name of the United States against Frank McCabe, William Magee, John S. Leach, and James W. Mace for fraudulent registration. On demurrer to the indictments. Sustained.

Edward Mitchell, U. S. Atty., and John D. Mott, Asst. U. S. Atty. Henry D. Hotchkiss, for defendants.

BENEDICT, District Judge. These cases come before the court upon demurrers to indictments found under section 5512, Rev. St. U. S. The indictments are alike, and, in my opinion, are all defective, in that the only act charged upon the defendant is that he "fraudulently registered." These are the words of section 5512, Rev. St. U. S., but in my opinion they are not sufficient to describe the offense. In order to effect the registration of a voter in the city of New York, acts must be done both by the voter and the inspectors of election. The voter is required to make formal application for registration, and to answer under oath questions thereupon put to him by the inspectors. The inspectors are required, thereupon, to adjudge whether the applicant is lawfully a voter in that district, and, if so, to declare their judgment by an entry on the book of registration. Strictly speaking, therefore, the voter cannot "register." All that he can do to effect his registration is to apply to be registered, and to answer questions propounded by the inspectors. It is therefore necessary, in my opinion, for an indictment under section 5512 to designate acts done by the accused in and about his registration, which resulted in a fraudulent registration of him by the inspectors. For lack of this particularity, the indictments in question are, in my opinion, bad.

They are also, in my opinion, bad for the reason that they do not specify the election district in which the fraudulent registration was effected. While, in general, it is sufficient to describe the locality of an offense as within the jurisdiction of the court, the rule must be different in cases of prosecutions like the present, for the reason that the law of the state which provides for the registration of voters is different in different parts of the district. In a part of

the district a person can be registered without any application or other act done on his part, while in the city of New York a personal application is required. In order that the accused should be informed of the statute he is charged with having violated, it is, in my opinion, necessary that indictments under this statute should disclose the election district in which the fraud charged was committed.

Upon these grounds, judgment must be for the several defendants upon the demurrers.