## THE STATE v. EDWARD J. KEATING, Appellant.

**Division Two, March 19, 1907.**

1. **INFORMATION: Statutory Charges.** The allegations in an information based upon a statute, in order to properly charge the crime created by the statute, must be such as to specifically bring the defendant within all the material words of the statute. In all indictments and informations for felonies nothing can be left to intendment or implication.

2. ——: **Election: Registration: Election Precinct.** An information which does not contain the essential allegation that the defendant fraudulently registered or offered to register in an election precinct, not having a lawful right to register therein, is fatally defective in a prosecution for fraudulent registration. And if the most that can be said is that it might be implied from the allegations that a certain named precinct was an election precinct, the information is bad.

3. ——: ——: ——: **What Is?** The information must allege acts which amount to a registration. It is not sufficient that it simply state that defendant fraudulently registered in an election precinct, not having a lawful right to register therein. Since section 11 of the Laws of 1903, p. 177, sets forth with particularity all the necessary acts to be done in order to constitute a registration, the information should with sufficient particularity allege such acts as would constitute a registration within the meaning of that section.

State v. Keating.

4. **ELECTION: Fraudulent Registration: Evidence.** Where a witness testifies that he knows that defendant lived at a certain number in another precinct, and in answer to a question as to whether or not his knowledge is based on hearsay, says, "I have known him to live there, I have seen him coming in and out of there during the day and night, I knew the rest of the family, but I have not seen where he sleeps," the evidence is sufficient to convict defendant of registering in a precinct other than that of his residence, within the meaning of "residence," as defined by section 4160, R. S. 1899.

5. ———: **Registration Act: Constitutional.** The act providing for the registration of voters in cities of three hundred thousand and over, and prescribing punishments for fraudulent registration, is not unconstitutional, as being class legislation, or as having a defective title.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

REVERSED AND REMANDED.

*Bass & Brock* for appellant.

(1) Appellant's motion to quash the information should have been sustained because the information is defective as to the second count, in that it attempts to charge two separate and distinct statutory offenses in one and the same count. Sate v. Blakley, 184 Mo. 187; State v. Dale, 141 Mo. 284; State v. Huffman, 136 Mo. 58. (2) The second count is bad for the following reasons: It fails to charge and allege that the ninth precinct of the second ward was an "election" precinct; it fails to charge and aver that the defendant "personally" applied for registration; or that he was "sworn" or that he "affirmed" before one of the judges to answer questions; or that he applied for registration in person before the "precinct board of registration," and does not charge or aver that the defendant signed his name in the "original" book of registry; nor does it charge or aver that defendant had no "lawful" right to register in said precinct. United States v.

McCabe, 58 Fed. 557; United States v. Bleven, 46 Fed. 381; United States v. Cruinkshank, 92 U. S. 542; State v. Meysenberg, 171 Mo. 1; State v. Etchman, 184 Mo. 193; State v. Hagan, 164 Mo. 654; State v. Burke, 151 Mo. 136; State v. Kyle, 177 Mo. 659; State v. Krueger, 134 Mo. 308; United States v. Hirshfield, 13 Blatch. 330; Blitz v. U. S., 153 U. S. 308; State v. Miller, 132 Mo. 297. (3) There was no evidence whatever to support the allegation in the second count that the defendant did not reside at No. 3127 North Twelfth street. The evidence on the part of the State was insufficient to sustain the second count of the information and did not overcome the presumption of innocence. State v. Hardelein, 169 Mo. 579; State v. Shelley, 166 Mo. 619; State v. O'Brien, 168 Mo. 404; State v. Nolan, 168 Mo. 446. (4) Section 2120 of the act approved March 24, 1903, upon which the information in this case is in part bottomed, is unconstitutional and void because it is in contravention of section 28 of article 4 of the Constitution of this State, in that the subject thereof is not clearly expressed in its title. Also the act of March 28, 1903. (5) Said act and section and also the act of March 28, 1903, upon which the said information is in part bottomed, are unconstitutional and void, because they are in contravention of section 53, article 4 of our Constitution, in that said acts, or at least the last-mentioned act, is a special law applying only to the city of St. Louis and is not a general law, though a general law can be made applicable. State v. Anslinger, 171 Mo. 600.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) The information, which was accompanied by the affidavit of the circuit attorney, is sufficient in form and substance; it follows the language of the statute,

and fully informs the defendant of the offense charged. Laws 1903, pp. 171 and 172. (2) The statute upon which this prosecution is bottomed is constitutional. True, said statute is intended to apply to cities having a population of three hundred thousand and over, and there is at present only one city in this State that has such population, but said facts do not make the statute local or special for either one or both of said reasons. The statute was enacted and made applicable to St. Louis and any other city having such a population, and any other city that may in the future acquire such a population. Such statutes have been held to be general statutes. State ex rel. v. Higgins, 125 Mo. 364; State ex rel. v. County Court, 128 Mo. 427. (3) There was sufficient evidence to show that defendant was guilty of registering in a precinct where he did not reside, which was the offense charged in the second count of the information, the count upon which defendant was convicted. If the jury believed the State's evidence, then defendant was clearly guilty of registering in a precinct where he did not reside. That the jury did believe the State's evidence is affirmed by their verdict, and it would have been difficult for the jury to have done otherwise, especially as the defendant did not testify and did not offer any evidence to contradict the State's prima facie case. There was, therefore, substantial evidence tending to prove that defendant was guilty; and, when this is true, this court has often said that it would not interfere, but would defer to the jury and the action of the trial court. State v. Smith, 190 Mo. 706; State v. Payne, 194 Mo. 442; State v. Groves, 194 Mo. 452; State v. Williams, 186 Mo. 128; State v. Williams, 149 Mo. 496; State v. Swisher, 186 Mo. 8.

FOX, P. J.—This cause is now pending before this court upon appeal by the defendant from a judgment of the circuit court of the city of St. Louis, con-

victing him of fraudulently registering in an election precinct in which he had no lawful right to register.

On the 19th day of September, 1905, the circuit attorney of the city of St. Louis filed an information in two counts, duly verified, charging the defendant with a violation of the provisions of an act of the General Assembly, approved March 24, 1903, defining offenses in connection with elections and prescribing the penalties therefor. The defendant being convicted upon the second count, we have in this proceeding only to deal with the charge preferred in that count. The sufficiency of the count upon which the defendant was convicted, is challenged; therefore, it is well to here reproduce it. Omitting formal parts, it was as follows:

"And said Arthur N. Sager, Circuit Attorney, within and for the city of St. Louis (said city comprising the eighth judicial circuit of the State of Missouri), as aforesaid, now here in court, on behalf of the State of Missouri, further information makes, that in the city of St. Louis, on the nineteenth, twentieth, twenty-first and twenty-second days of September, one thousand, nine hundred and four, a general registration of voters, under the laws of the State of Missouri, was held in the said city of St. Louis, and in every ward and precinct of said city of St. Louis (said city of St. Louis being then and there a city having more than three hundred thousand inhabitants), and in the ninth precinct of the second ward of said city of St. Louis and by and before the duly appointed and acting judges, clerks and officers of registration of said precinct and ward; and that Edward J. Keating on said nineteenth day of September, one thousand, nine hundred and four, at the said city of St. Louis, in the said ninth precinct of the second ward, before the said duly appointed, qualified and acting judges and clerks of registration of said precinct, unlawfully, feloniously, knowingly, and fraudulently did register as a

qualified voter of said precinct and then and there give to the said judges and clerks of election of said precinct, who were then and there acting as officers of registration, his name as Edward J. Keating and his residence as No. 3127 North Twelfth street in said precinct, and then and there requested said officers of registration to then and there write the name of him, the said Edward J. Keating, upon the registers, poll-books and books of registration of said precinct and to enter the residence of him, the said Edward J. Keating, upon said books, as No. 3127 North Twelfth street in said precinct as a qualified voter of said precinct, having the right to register and vote in said precinct, and the said judges and clerks of registration of said precinct aforesaid then and there did enter upon the registers, poll-books and books of registration of said precinct the name of the said Edward J. Keating as residing at said No. 3127 North Twelfth street, and as being a qualified voter having the right to register and vote in said precinct, and he, the said Edward J. Keating, then and there feloniously, wilfully, knowingly, unlawfully and fraudulently did write his name upon the said registers, poll-books and books of registration of said precinct as a qualified voter having the right to register and vote in said precinct by then and there writing the signature and name E. J. Keating upon said books in the margin provided for the signatures of qualified voters when registering; whereas in truth and in fact the said Edward J. Keating then and there did not reside at No. 3127 North Twelfth street, nor in said precinct, and had no right to register in said precinct, as he the said Edward J. Keating then and there well knew; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.''

To this information there was a plea of not guilty, and the trial proceeded. There were three witnesses

introduced on the part of the State. The secretary of the board of election commissioners, who was the custodian of the registry books and records, identified certain registry books, and they were introduced in evidence, which tended to show that the defendant was registered in the ninth precinct of the second ward of the said city of St. Louis. There were two other witnesses who testified as to the acts and conduct of the defendant as well as the registering officers at the time of such registration. The testimony tending to show that defendant did not live in the ninth precinct of the second ward and at the place as is charged in the indictment he designated to the registering officers, consisted mainly of the testimony of Charles W. Woodcock, who testified for the State, who substantially stated that he knew the defendant lived somewhere in the 800 block in the fourth precinct of the second ward. Upon cross-examination he stated: ''Q. You have said that you knew that the defendant lived somewhere in the 800 block. Your knowledge in that connection is in the nature of hearsay, is it not? A. No, I have known him to live there. I have seen him coming in and out of there during the day and night. I knew the rest of the family. Q. That is what you base it on, that his mother and sister and some of his relatives lived in that immediate neighborhood? Now as to exactly where he lived you can't say he lived there or did not live somewhere else? A. I have not seen where he sleeps.''

This is sufficient to indicate the nature and character of the testimony upon which this cause was submitted to the jury. At the close of the testimony the court instructed the jury and the cause being submitted to them they returned a verdict finding the defendant guilty as he was charged in the second count of the information and assessed his punishment at imprisonment in the penitentiary for a term of three years.

Timely motions for new trial and in arrest of judgment were duly filed and by the court overruled. Sentence and judgment were entered in conformity to the verdict and from this judgment the defendant prosecuted this appeal, and the record is now before us for review.

## OPINION.

The second count of the information upon which the judgment in this cause rests, is predicated upon one of the subdivisions of the amendatory act of 1903, Laws 1903, page 156. The subdivision of section 2120j of said amendatory act as above indicated, upon which the second count of this information is based, provides that "any person who shall fraudulently register or attempt or offer to register in any election precinct, not having a lawful right to register therein, . . . shall, upon conviction thereof, be adjudged guilty of a felony and shall be punished by imprisonment in the penitentiary for not less than two years nor more than five years."

## I.

The appellant challenges the sufficiency of the second count of the information upon which he was convicted, and this is the first and most vital proposition confronting us in this proceeding; therefore, it is well to first determine whether or not there is a sufficient charge which will support the judgment.

It is fundamental that in order to make an information or indictment based upon a statute properly charge the crime created by the statute, the allegations in the information must be such as to specifically bring the defendant within all the material words of the statute, for it is the inflexible rule in criminal pleading that in all indictments or informations for felonies nothing can be left to intendment or implication. [State

v. Furgerson, 152 Mo. 92; State v. Hagan, 164 Mo. l. c. 658, and authorities cited; Whart. Crim. Plead. and Prac. (9 Ed.), sec. 220; State v. Sekrit, 130 Mo. 401; State v. Hayward, 83 Mo. 299, and cases therein cited; State v. Miller, 132 Mo. 297.]

Measured by the rules as above announced it is manifest that the second count of the information in this cause fails to allege the offense of which the defendant was convicted in the language of the statute creating it, or in terms of equivalent import. We have carefully analyzed the second count of the information upon which the judgment in this cause is based and there is an entire absence of the essential allegation that the defendant fraudulently registered or attempted or offered to register in any election precinct, not having a lawful right to register therein. The most that can be said of this charge in the information is that from the language employed it might be implied that the ninth precinct of the second ward in the city of St. Louis was an election precinct, but that is what the authorities heretofore cited expressly condemn. The offense attempted to be charged is a felony and nothing can be left to intendment or implication; therefore, it must be held that the information is insufficient.

## II.

It is insisted by appellant that this information is otherwise defective and insufficient for the reason that it fails to charge all the essential elements of the offense which is created by the subdivision heretofore referred to, section 2120j, in this, that it fails to designate the acts done by the defendant in and about his registration which resulted in a fraudulent registration of him by the registry board. In other words, it is insisted that, in order to constitute a valid charge of the offense of which defendant is convicted, it is first essential to allege such a state of facts as shows

that he was in fact registered, and this must be followed by a charge, in the language of the statute, that the defendant fraudulently registered in an election precinct not having a lawful right to register therein. It is sufficient to say upon this proposition that section 2120j of the act of March 24, 1903, heretofore referred to, does not undertake to set forth in detail all the constituent elements of the offenses therein enumerated, but in effect declares that the doing of certain acts in a particular way is a violation of the law regulating the registration of voters, as provided in a companion act of the Legislature of March 28, 1903, Laws 1903, page 171. Therefore, in our opinion, to constitute a valid charge of the offense of which defendant was convicted, we must look to the provisions of the law regulating the registration of voters, and allege the doing of all necessary acts in the provisions of that law to constitute registration, and this followed, in the language of the statute, that the defendant fraudulently registered in an election precinct not having a lawful right to register therein, would constitute a valid charge of the offense created by the statute. In other words, it is essential first that the information allege the acts done in and about such registration which, in effect, would amount to a registration of the defendant by the registration board in that precinct. There must first be a registration before it can be alleged that it was fraudulent. The law upon this subject is nowhere more clearly stated than in United States v. McCabe, Magee, Leach and Mace, 58 Fed. 557. In those cases the defendants were indicted under the provisions of section 5512 of the Revised Statutes of the United States, which made it an offense to fraudulently register. The fraudulent registration in those cases had reference to a violation of the laws regulating the registration of voters in the State of New York. The indictment simply charged the defend-

ants in the language of the United States statutes, that they had fraudulently registered in certain election precincts in the State of New York. Demurrers were interposed to the indictments and the Federal Court, by Benedict, J., thus treated the question involved in the demurrers. He said: "These cases come before the court upon demurrers to indictments found under section 5512, Rev. St. U. S. The indictments are alike, and, in my opinion, are all defective, in that the only act charged upon the defendant is that he 'fraudulently registered.' These are the words of section 5512, Rev. St. U. S., but in my opinion they are not sufficient to describe the offense. In order to effect the registration of a voter in the city of New York, acts must be done both by the voter and the inspectors of election. The voter is required to make formal application for registration, and to answer under oath questions thereupon put to him by the inspectors. The inspectors are required, thereupon, to adjudge whether the applicant is lawfully a voter in that district, and, if so, to declare their judgment by an entry on the book of registration. Strictly speaking, therefore, the voter cannot 'register.' All that he can do to effect his registration is to apply to be registered, and to answer questions propounded by the inspectors. It is therefore necessary, in my opinion, for an indictment under section 5512 to designate acts done by the accused in and about his registration, which resulted in a fraudulent registration of him by the inspectors. For lack of this particularity, the indictments in question are, in my opinion, bad." In our opinion the learned judge in that case correctly stated the law, and it is sufficient to say that should the representative of the State desire to file an amended information, section 11 of the Laws of 1903, page 177, sets forth with particularity all the necessary acts to be done in order to constitute a registration and such amended information should with

sufficient particularity allege such acts as would constitute a registration in accordance with the provisions of that section. While it may be said that the information in this cause as to the registration does substantially allege the essential acts necessary to constitute a registration, yet we simply suggest that section 11, heretofore referred to, should be kept in view, and there should be no lack of particularity in alleging the acts as provided by said section.

### III.

It is earnestly contended by learned counsel for appellant that the evidence as disclosed by the record is insufficient to establish the fact that defendant did not reside in the ninth precinct of the second ward of the city of St. Louis, where it is charged he registered. This question necessitates a brief reference to the testimony of witness Woodcock. This witness in answer to the question as to whether his knowledge as to where the defendant lived was not in the nature of hearsay, answered in the negative and said: "I have known him to live there; I have seen him coming in and out of there during the day and night; I knew the rest of the family." We will say upon this proposition that while it is true that it does not appear as to whether the defendant was a man of family or was a single man, and there is no positive testimony that he actually lodged at the place designated by the witness Woodcock, yet in our opinion, the testimony of this witness was sufficient, in the absence of any showing to the contrary, to authorize the legitimate inference that the defendant lodged at that place. Section 4160, Revised Statutes 1899, thus defines residence: "The place where the family of any person shall permanently reside in this State, and the place where any person having no family shall generally lodge, shall be deemed the place of residence of such person or persons respectively."

Upon the retrial of this cause the court should define residence as defined by the statute, to the end that the jury may intelligently apply the testimony to the definition of that term.

## IV.

It is finally contended that the act of the Legislature upon which this information is predicated, is unconstitutional and void. In our opinion there is no merit in this insistence. The title of the act is to amend article 6 of chapter 15, Revised Statutes of Missouri of 1899, by adding thereto sixteen new sections (and the sections are designated) and to define offenses in connection with elections and prescribing penalties therefor. The title of the act clearly embraces the subject-matter of which it treats and the provisions of the act are germane to the subject. As to the objection that the law regulating registration has application only to certain cities and is not applicable to the entire State, it is sufficient to say that this is not class legislation. It embraces all cities of three hundred thousand or more, and then points out the method to be followed in respect to the registration of voters. Propositions similar to this have frequently had the attention of this court, and it has uniformly been held that it was not violative of sections 53 and 54 of the Constitution of this State, which prohibits the enactment of local or special laws.

For the reasons as herein pointed out the judgment of the trial court should be reversed, and it is so ordered, and to the end that the circuit attorney may have an opportunity of filing an amended information and retrying this cause, it is ordered that it be remanded.

All concur.