THE STATE v. PETER WALSH, JR., Appellant.

Division Two, May 14, 1907.

1. INFORMATION: Fraudulent Registration. An information, set out in the statement, charging fraudulent registration in an election precinct, *held* invalid, on the authority of State v. Keating, 202 Mo. 197.

2. FRAUDULENT REGISTRATION: Residence: Hearsay Evidence. It was error to permit a witness for the State to testify, in rebuttal, over defendant's objection, to a conversation wit-ness had, in defendant's absence, with a lady at a certain number and street, in which conversation she stated that de-

fendant lived there. This was the merest hearsay, and was all the more prejudicial because introduced in rebuttal.

3. ———: **Insufficiency of Evidence.** Evidence examined and *held* insufficient to support a conviction of fraudulent registration.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED.

*Alphonso Howe* for appellant.

(1) The information, particularly the second count, is defective in that it charges that defendant did not reside, etc., "nor in said precinct." The statute permits registration when one has commenced to reside. The information makes no distinction between right to register and right to vote. It fails to allege that the ninth precinct of the second ward was an "election precinct," or that the defendant "personally" applied for registration, or that he was "sworn" or that he "affirmed" before one of the judges to answer questions, or that he applied in person for registration before the "precinct board of registration," or that defendant signed his name to the "original book of registry," etc., or that the defendant had no "lawful" right to register in said precinct. Laws 1903, p. 177, sec. 11; State v. Meysenberg, 171 Mo. 1; State v. Miller, 132 Mo. 297; State v. Etchman, 184 Mo. 193; State v. Kyle, 177 Mo. 659; State v. Hagan, 164 Mo. 654; State v. Keating, 202 Mo. 197. (2) The court erred in refusing to give defendant's instruction in the nature of a demurrer at the close of the State's case. There was no proof of fraudulent registration. (3) The court erred in permitting witness Bigemann to testify as to conversation with the middle-aged lady at 3129 North Twelfth street to the effect that Peter Walsh, Jr., lived there and in refusing to strike out the incompetent testimony after it was given. Defendant was not present and certainly

could not be bound by what some third party would say.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) The information, which was accompanied by the affidavit of the circuit attorney, is sufficient in form and substance. (2) There was substantial evidence of defendant's guilt. It was clearly shown that he registered in a ward and precinct where he did not reside; in fact, this was conceded by him at the trial. The only excuse offered by him for this conduct was that he made up his mind to change his residence, and that this mental condition was brought about on the registration day, after he had already registered in the precinct where he resided. Without notifying any of the city officers of his intention to move, and without even asking to have the registration books corrected, he suddenly concluded to remain where he then resided. It is a singular fact, however, that the defendant selected his father's place where he falsely registered, and that his father had the same name as defendant, and that others were in the habit of falsely registering from that place. And defendant's father, who testified to defendant's intentions, is the same person who has signed the bonds of others who have been charged and convicted of false registration, and who falsely stated that they resided at the home of defendant's father. It may well be said that the defense interposed was worse than no defense, and materially aided the State in making a strong case against the defendant. The evidence of defendant's guilt was positive and sufficient to convince even the most skeptical. And, where there is substantial evidence of his guilt, the judgment will be affirmed by this court. State v. Smith, 190 Mo. 706; State v. Payne, 194 Mo. 442; State v. Groves, 194 Mo. 452; State v. Williams, 186 Mo. 128;

State v. Williams, 149 Mo. 496; State v. Swisher, 186 Mo. 8.

BURGESS, J.—On the 19th day of September, 1905, the circuit attorney of the city of St. Louis filed an information, duly verified, in two counts, the first of which charged the defendant with unlawfully, feloniously, knowingly and fraudulently registering in two election precincts in St. Louis on the same day, the second count of the information charging that the defendant unlawfully and fraudulently registered in a precinct in which he did not reside. At the December term, 1905, of the circuit court of said city the defendant was tried and convicted under the second count of the information, and his punishment assessed at imprisonment in the penitentiary for two years. Defendant's motion for new trial and in arrest being overruled, he appealed.

The said second count of the information is as follows:

"And said Arthur N. Sager, circuit attorney, within and for the city of St. Louis (said city comprising the Eighth Judicial Circuit of the State of Missouri) as aforesaid, now here in court, on behalf of the State of Missouri, further information makes, that in the city of St. Louis, on the nineteenth, twentieth, twenty-first and twenty-second days of September, one thousand nine hundred and four, a general registration of voters, under the laws of the State of Missouri, was held in the said city of St. Louis, and in every ward and precinct of said city of St. Louis (said city of St. Louis being then and there a city having more than three hundred thousand inhabitants) and in the ninth precinct of the second ward of said city of St. Louis by and before the duly appointed and acting judges, clerks and officers of registration of said precinct and ward; and that Peter Walsh, Jr., on the said nineteenth

day of September, one thousand nine hundred and four, at the said city of St. Louis, in the said ninth precinct of the second ward, before the said duly appointed, qualified and acting judges and clerks of registration of said precinct, unlawfully, feloniously, knowingly and fraudulently did register as a qualified voter of said precinct and then and there give to the said judges and clerks of election of said precinct, who were then and there acting as officers of registration, his name as Peter Walsh, Jr., and his residence as No. 3129 North Twelfth street, in said precinct, and then and there request said officers of registration to then and there write the name of him, the said Peter Walsh, Jr., upon the registers, poll-books and books of registration of said precinct and to enter the residence of him, the said Peter Walsh, Jr., upon said books, as No. 3129 North Twelth street in said precinct as a qualified voter of said precinct, having the right to register and vote in said precinct, and the said judges and clerks of registration of said precinct aforesaid, then and there did enter upon the registers, poll-books and books of registration of said precinct the name of the said Peter Walsh, Jr., as residing at No. 3129 North Twelfth street, and as being a qualified voter, having the right to register and vote in said precinct, and he, the said Peter Walsh, Jr., then and there feloniously, wilfully, knowingly, unlawfully and fraudulently did write his name upon the said registers, poll-books and books of registration of said precinct as a qualified voter having the right to register and vote in said precinct by then and there writing the signature and name, Peter Walsh, upon said books in the margin provided for the signature of qualified voters when registering; whereas, in truth and in fact the said Peter Walsh, Jr., then and there did not reside at No. 3129 North Twelfth street, nor in the said precinct

203 Sup—39

and had no right to register in said precinct as he, the said Peter Walsh, Jr., then and there well knew; contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.''

The State's evidence tended to show that a general registration of voters was held in the city of St. Louis on the 19th day of September, 1904, and in the twelfth precinct of the seventeenth ward, and in the ninth precinct of the second ward in said city. That on said day the defendant appeared before the judges and clerks of registration at the polling place in the twelfth precinct of the seventeenth ward, was sworn, and his name entered in the registration book as a qualified voter, the defendant giving his name as Peter Walsh, and his address as 2341 Madison street; that on the same day defendant in like manner registered as a qualified voter in the ninth precinct of the second ward, except that his name was entered as Peter Walsh, Jr., and his residence as 3129 North Twelfth street. In support of the above facts the State introduced in evidence four books identified as the books used by the judges and clerks at said election precincts during the registration held on said 19th day of September. It also appeared from the evidence that defendant's father, whose name was Peter Walsh, lived at 3129 North Twelfth street.

The defendant testified in his own behalf that he was born in St. Louis, and lived there all his life; that he was a police officer and had been such for six years; that he was married in February, 1904, and at the time of his marrige was living at No. 3129 North Twelfth street in his father's house, and had lived there with his father about sixteen years; that after his marriage he lived there until the 1st of April, 1904, when he moved to 2341 Madison street. His wife wanted him to get a house close to where her mother lived on that

street, as he worked at night every three months; that in the police department they have two off-days a month, and the 19th day of September was one of his days off duty; that about 11 o'clock in the morning he registered in the twelfth precinct of the seventeenth ward, from 2341 Madison street, and then visited his father at 3129 North Twelfth street. He said it was his custom to go to his father's house every day he was off duty; that on this day his father spoke to him about coming to live with him, and that he (defendant) said all right; that he had been speaking to his wife about it before, and said, "I think I could get her to come down now, because she is awful lonesome now, I am so many nights away." That he told his father that he would come, and also stated to him that he had registered. His father told him, he said, that it would be no harm to register in the precinct in which he lived, and that he could have his name scratched off in the seventeenth ward. That about seven o'clock that evening he registered in the ninth precinct of the second ward, intending at the time to move to his father's house and vote in that precinct; that he did not move to his father's house nor did he vote in that precinct; that he did not have his first registration scratched out because he did not think it necessary. The original registration book of ward 2, precinct 9, was introduced in evidence showing that defendant's second registration from 3129 North Twelfth street, in the second ward, was scratched out, and the words "erased, yes," and "no vote" entered.

Defendant's wife testified to the expressed desire and intention of her husband to move to his father's residence, but stated that she refused to go, as she wanted to live near her mother who resided at 2308 Madison street.

Peter Walsh, defendant's father, testified that at his solicitation defendant agreed, on September 19, to

move to his house, but that he did not do so. That defendant told him that he had registered in the ward in which he was then living, and that he said, "Peter, I don't think that makes any difference; may be you do not get off easily again; you can get your name rubbed off up there."

Defendant's good reputation for veracity, honesty, integrity and good citizenship in the community in which he lived was testified to by a number of citizens who were long acquainted with him.

The State, in rebuttal, introduced August Bigemann, who testified that about three days after the registration, while canvassing the votes of the precinct in which the elder Peter Walsh lived, he went to his house, No. 3129 North Twelfth street, and asked who lived there, and that a middle-aged lady living there, whose name he did not know, in answer to his question, said that Peter Walsh, Jr., lived there.

At the close of the evidence, the defendant asked the court to give the following instruction:

"The court instructs the jury that, under the evidence in this case, the defendant had a lawful right to register as a qualified voter, residing at No. 2341 Madison street, in the twelfth precinct of the seventeenth ward, and such registration was legal and proper, as shown by the evidence. And if the jury further believe and find from the evidence in this case that the defendant thereafter decided to change his residence to No. 3129 North Twelfth street, in the ninth precinct of the second ward, and registered as a qualified voter from said number with an honest purpose and without fraudulent intent, believing at the time that he had changed his residence from No. 2341 Madison street to said No. 3129 North Twelfth street, and intending at the time to vote from there, then the jury, if they so find, will acquit the defendant. And if the jury have a reasonable doubt in the premises as to whether or not

defendant had a fraudulent intent in so registering, they will likewise acquit the defendant.''

The court refused to give the said requested instruction, and defendant duly excepted.

This prosecution is based upon section 2120j, Laws 1903, p. 155, and the information is substantially like that in the case of State v. Keating, 202 Mo. 197, and which was held to be invalid by this court. That case is decisive of this, and for the reasons therein stated the information in the case in hand must be held invalid.

Another error assigned by the defendant is the action of the court in permitting witness Bigemann, a witness for the State, to testify in rebuttal, over the objection of the defendant, to a conversation he had with a lady at No. 3129 North Twelfth street, some days after the registration, in which conversation she stated that Peter Walsh, Jr., lived there. This was the merest hearsay, and should not have been admitted. The defendant was not present at the time, and was not bound by any such statement. It was all the more prejudicial because in rebuttal.

The vital question in this case, however, is as to whether there is any substantial evidence to sustain the verdict.

The defendant was a police officer, and had been for six years, at the time of the trial. At the time of his marriage, on the 16th day of February, 1904, he was living at No. 3129 North Twelfth street, with his father, and had lived there for about sixteen years prior to his marriage. Defendant and his wife continued to live there until the first of April, when they moved to 2341 Madison street, defendant's wife wanting to be near her mother, who lived close by on the same street. About eleven o'clock in the forenoon of September 19, 1904, he registered as a qualified voter in the seventeenth ward, twelfth precinct, from 2341

Madison street, and then went to see his father at 3129 North Twelfth street. His father wanted him to move back to his house, and he agreed to do so. He then told his father that he had registered in the seventeenth ward, when the latter advised him to register in the precinct and ward in which he resided and have his name scratched off the registration books in the twelfth precinct of the seventeenth ward. The defendant accordingly registered that evening in the ninth precinct of the second ward, giving his residence as 3129 North Twelfth street, intending at that time to move there. He did not change his residence, however, his wife being reluctant to move away from her mother, and defendant did not, therefore, find it necessary to scratch off or erase his name from the registration books in the precinct and ward in which he then resided. There was no evidence contradictory of these facts. The defendant did not vote, nor attempt to vote, in the ninth precinct of the second ward, and the original registration book introduced in evidence showed that defendant's second registration from 3129 North Twelfth street, ninth precinct, second ward, was scratched out, and the words "erased, yes" and "no vote" entered. It does not appear from the evidence that the defendant practiced any deception whatever, or tried to conceal any fact in relation to the two acts of registration, and it seems clear that at the time of the second registration he acted in good faith, intending at the time to move to 3129 North Twelfth street. Defendant also showed a good reputation for truth, veracity, honesty, integrity and good citizenship in the community in which he lived.

Indeed, the State's evidence not only failed to prove any fraudulent intent on the part of the defendant in registering as a qualified voter from the ninth precinct of the second ward, but it failed absolutely to

show that the defendant did not in fact reside at No. 3129 North Twelfth street, in said ward and precinct, at the time of said registration. The two sets of registration books introduced in evidence afforded no stronger proof that the defendant resided at 2341 Madison street than they did that he resided at 3129 North Twelfth street, so that, for the purpose of showing his real residence, they were valueless. It is true that witness Tibbles, one of the clerks of registration in the twelfth precinct of the seventeenth ward, testified that defendant, *at the time he registered there,* was living at 2341 Madison street; but witness Schoenbeck, one of the judges of registration in the ninth precinct of the second ward, when asked if he knew where defendant resided *at the time he registered from 3129 North Twelfth street,* answered, "No, sir." These were the only witnesses for the State who testified as to the defendant's residence. Although the defendant did reside at 2341 Madison street at the time he registered in the seventeenth ward, it was quite possible for him to move to 3129 North Twelfth street the same day and register in the second ward, for, according to the defendant's evidence, which was not contradicted, about eight hours had elapsed between the time of the first registration and the second. It devolved upon the State to prove by competent evidence its charge that the defendant fraudulently registered as a qualified voter in a precinct in which he did not reside, which the State wholly failed to do. But for the evidence on the part of the defendant, there would be no way of telling where in fact the defendant did reside at the time he registered as a qualified voter in the ninth precinct of the second ward.

The record is barren of any substantial evidence tending to prove the defendant guilty of the criminal act intended to be charged in the information, and we

do not think the verdict should be permitted to stand. We, therefore, reverse the judgment, and discharge the defendant. All concur.