THE STATE v. EDWARD J. KEATING, Appellant.

Division Two, November 23, 1909.

1. **ELECTIONS: Fraudulent Registration: Swearing Voter.** It is not necessary that the information, charging defendant with fraudulently registering in an election precinct, charge that he was sworn when he made application to register and before he was sworn to answer questions. That requirement of the statute is directed wholly to the registration officers.

2. **FORMER ACQUITTAL: Bar: Question of Law.** Where the identity of the prisoner and the record of the former information, trial and acquittal under the first count were all admitted by the State, the legal efficiency of that record, offered by defendant, to sustain his defense of former acquittal, is a question of law for the court to decide, and there is nothing for the jury to pass upon.

3. ————: ————: **Good Indictment.** In order for a former trial and acquittal or conviction to be available as supporting the plea of former jeopardy, it is essential that the former conviction or trial was upon a sufficient indictment or information. Where the Supreme Court decided on defendant's former appeal that the information was insufficient in both counts, a conviction then on the second count and an acquittal by inference on the first count, were not a bar to a further prosecution of defendant upon an amended information sufficient in the second count.

4. **MOTION TO ELECT.** Where there were two counts in the information, and the court withdrew the first count from the jury's consideration, and he was convicted upon the second count, he cannot complain that the court overruled his motion to elect.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Zachritz & Bass* for appellant.

(1) The information on its face is barred by limitation. It is proper and timely to draw attention to the record, which shows and recites that the information last filed, and upon which appellant was tried,

was filed on the 6th day of January, 1908, the same day, according to the jurat, that "Arthur N. Sager" subscribed and swore to it. The offense is therein charged and alleged to have been committed September 19, 1904. The information nowhere appears to be an amended information or a substitute for an original one, or one amended or filed by leave of court. The filing of this information without leave of court is without authority of law and invalid; being so, the point may be raised here for the first time; the right of the State to file amended informations is by statute left to the sound discretion of the court. R. S. 1899, sec. 2481; State v. Pyscher, 179 Mo. 140; State v. Coleman, 186 Mo. 151. Nor is the information sworn to upon the oath of the circuit attorney. State v. Coleman, 186 Mo. 151. (2) The count of the information upon which appellant was found guilty is bad. It charges that appellant "by then and there requesting, soliciting and procuring said officers of registration to declare him a qualified voter." This is a separate offense and distinct from fraudulently registering, also charged in the same count. Each clause of the statute creates a crime, a substantive offense, and any one of which, without reference to the other, may form the basis for a criminal prosecution. State v. Fielder, 210 Mo. 198. Hence, this count is duplicitous, and the motion to quash should have been sustained. State v. Dale, 141 Mo. 284; State v. Fox, 148 Mo. 517; State v. Blakely, 184 Mo. 187. The negative part of the second count is insufficient, because it fails to negative the right to register in the election precinct in the language of the statute or some equivalent term. The crime created by the statute is registering where one has no "lawful" right to register. Laws 1903, sec. 2120j, p. 155. (3) It was error not to compel the State to elect upon which count it would proceed. The information charges in the first count "that Edward J. Keating, on or about the 21st day of September . . .

did register in two election precincts," etc. In the second count the charge is "that Edward J. Keating on the 19th day of September . . . did register upon the official register . . . of the ninth election precinct." Here we have two separate and distinct felonies charged to have been committed on two different days and dates united and joined in one information. It was not discretionary with the court to allow or refuse to order the State to elect upon which count it would proceed. Not to order an election under the circumstances was plainly prejudicial to the appellant and erroneous. State v. Carrigan, 210 Mo. 351. (4) The court's ruling regarding appellant's plea in bar was prejudicial and erroneous. State v. Headrick, 179 Mo. 300; State v. Huffman, 136 Mo. 58; State v. Inseback, 139 Mo. 214. (5) The court should have sustained appellant's demurrer to the State's evidence. The appellant stands convicted of fraudulently registering from 3127 N. Twelfth street. The only evidence that he did not reside at that number is that witness Charles H. Bergman went to that number and didn't find appellant there when he called on him. The only other evidence as to where the appellant lived is that of witnesses who saw appellant at different times coming and going from 812 Wright street. We earnestly contend that there is no substantial evidence upon which to base this conviction.

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for the State.

(1) This information is bottomed on section 2120j, p. 158, Laws 1903, and conforms in every particular to the requirements announced in State v. Keating, 202 Mo. 197. (b) The information does not allege that defendant was sworn when he made application for registration and before he answered the required questions, but this was unnecessary. State v. Cummings, 206 Mo. 624. (2) Before trial defendant

filed a special plea in bar.  To this plea the State
entered a general denial, and defendant thereupon
demanded a separate trial on the special plea.  The
denial of this is assigned as error, but that it was not
error is well established by the approved practice in
this State.  State v. Snyder, 182 Mo. 503.  To the same
effect is State v. Manning, 168 Mo. 429.  The evidence
offered in support of and against the plea consisted
solely of the record of the former information, trial
and result, and the admission by the State of the iden-
tity of the defendant and offense.  All these facts
being conceded by both parties, and therefore settled,
it became and was the duty of the court to declare as
a matter of law, whether or not there had been a pre-
vious conviction or acquittal, and there was nothing
for the jury to pass upon.  State v. Williams, 152 Mo.
120; 1 Bishop's New Crim. Proc., sec. 816, subsecs. 4
and 5; State v. Manning, 168 Mo. 429; State v. Laugh-
lin, 180 Mo. 358; State v. Moore, 156 Mo. 142, and
State v. Goddard, 162 Mo. 225.  It being obvious that
it was the duty of the court to declare the legal effect
of the record and admissions, and determine whether
there had been a previous conviction or acquittal, the
real question involved is, did the court correctly hold
that the legal effect constituted no obstacle to the trial?
The action of the court was proper for the following,
among other reasons:  1.  Neither of the two counts
in the former information stated any offense.  State
v. Keating, 202 Mo. 197; State v. Walsh, 203 Mo. 605.
Bishop's New Criminal Law, sec. 1021; State v. Hays,
78 Mo. 600; Wiseback, 139 Mo. 217.  2.  The plea upon
its face is insufficient, as it does not allege that the
facts necessary to support the present information
were sufficient, if proved to be true, to support the
former charge, but merely alleges that the facts nec-
essary to support this charge were placed in evidence
against him on the trial of the former information.
3.  As a matter of law and fact, the alleged offenses

were not one transaction and one offense, but were essentially different. State v. Williams, 152 Mo. 123; State v. Oakes, 202 Mo. 86; 1 Bishop's New Criminal Law, sec. 1051; Wharton's Crim. Pl. and Prac. (9 Ed.), sec. 456; State v. Williams, 152 Mo. 123; Morey v. Commonwealth, 108 Mass. 434; Commonwealth v. Trimmer, 84 Pa. St. 65; State v. Stewart, 11 Ore. 53; State v. Littlefield, 70 Me. 457; Irvin v. State, 7 Tex. App. 81; State v. Innis, 53 Me. 536. 4. Even if the first count in the former information were good and it charged the same offense as the second count, as defendant contends, then if the silence of the verdict on the first count operated as an acquittal on the second count on which there was an affirmative finding of guilt, we respectfully submit that no verdict of guilty rendered on one of several counts under different sections of the statute placed in an indictment in order to meet the varying phases of the evidence, could stand unless there was an affirmative finding of guilty on each and all of the counts. State v. Oakes, 202 Mo. 86. 5. That the silent verdict on the first count of the former information did not operate as a bar to the prosecution on the second count was expressly recognized by this court when this cause was heard on former appeal, as the cause was remanded for the declared purpose of giving the circuit attorney an opportunity to file a sufficient information and further prosecute the cause. State v. Keating, 202 Mo. 209.

BURGESS, J.—On September 19, 1905, the circuit attorney of St. Louis, filed in the circuit court an information in two counts, attempting to charge the defendant in the first count with unlawfully registering in two separate election precincts, to-wit, in the fourth and ninth precincts of the second ward, and in the second count attempting to charge him with the offense of fraudulently registering in an election precinct, to-wit, the ninth precinct of the second ward,

not having a lawful right to register therein, he not being a resident thereof.  He was convicted upon the second count and from the judgment entered in accordance with the verdict, he appealed to this court, where the information was held insufficient and judgment reversed and the cause remanded.  [State v. Keating, 202 Mo. 197.]

Thereupon, on the 6th day of January, 1908, the circuit attorney filed an amended information, duly verified, in two counts, charging in the first count the offense that he attempted to charge in the first count in the original information, and on which there had been no finding by the jury on the first trial, and in the second count charging the offense he attempted to charge in the second count of the original information. To this information defendant filed his plea in bar, alleging that although the original information contained two counts they covered but one and the same transaction and were supported by one and the same evidence, and the silence of the verdict as to the first count at the former trial amounted to a verdict of not guilty on that count, and therefore operated as an acquittal on both counts of the amended information. To this plea the State entered a general denial, and the defendant thereupon demanded that the issues thus presented be tried separate and apart from the general issue tendered by the plea of not guilty.

This the court refused to do, and defendant being arraigned, and pleading not guilty, the cause went to trial, and at the close of all the evidence the court sustained the plea as to the first count, and withdrew same from the consideration of the jury.

On the second count the defendant was convicted, and his punishment assessed at three years' imprisonment in the penitentiary.  After unsuccessful motions for a new trial and in arrest of judgment, he was sentenced on the verdict and has appealed to this court.

The testimony on the part of the State tended to

prove that in accordance with the laws of this State there was a general registration of voters and electors in the city of St. Louis on the 19th, 20th, 21st and 22d days of September, 1904, and that the judges and clerks of registration, after having been properly appointed, were duly sworn and qualified, and during those days discharged their respective duties as such judges and clerks of registration.

All persons applying for registration were required to state under oath their place of residence, name, date of birth, age and occupation, duration of residence in the precinct, city and State, and certain others matters touching their qualification and right to register as voters. These questions were propounded by one of the judges and the answers were recorded in books prepared and kept for that purpose and if the answers were satisfactory to the judges, the applicant was declared a qualified voter by entering the word "yes" opposite his name in the column, headed by the words "qualified voters," and the applicant was then permitted to sign his name on the register in the proper place as a qualified voter.

On the 19th of September, 1904, defendant appeared before the judges and clerks of registration of the ninth election precinct of the second ward and requested to be permitted to register. After being sworn to truthfully answer questions touching his right to register, he stated among other things that his name was Edward J. Keating. That he resided at number 3127 South Twelfth street in said ninth election precinct of said second ward; that he was twenty-three years of age; that his occupation was that of bartender; that he was born in Missouri, and had resided in said election precinct for ten years and in the city of St. Louis and State of Missouri for twenty-three years. These answers were written, by the clerk, in the registration record, at the proper place on said book, and in the column for qualified voters defendant

signed his name, and the judges declared him a qualified voter, and wrote the word "yes" opposite his name in the column headed "qualified voters" and he was duly entered on the registration books as such.

The testimony on the part of the State then tended to show that the defendant's residence was not in the ninth election precinct, but that he was a young man and lived with his parents at 812 Wright street in the fourth election precinct of the second ward. The testimony also tended to show that defendant made application for registration in the fourth precinct of the second ward and stated that he resided at 812 Wright street. He offered no evidence in his own behalf.

I. The information conformed to the rulings of this court on the former appeal in State v. Keating, 202 Mo. 197, and stated with particularity the doing by the defendant of all the acts necessary to registration within the meaning of the Act of 1903. [Laws of Missouri, 1903, pp. 177 and 178, sec. 2120j.]

The information did not allege that the defendant was sworn when he made application for registration, and before he answered the necessary questions, but as held in State v. Cummings, 206 Mo. 1. c. 624, 625, it was not essential that he do so, as this provision of the statute was one directed solely to the registration officers.

II. In regard to the special plea in bar, to-wit, an acquittal on the former trial, it is sufficient to say that the legal efficiency of the record of the former trial offered to sustain the acquittal from the crime charged in the second information, was entirely a question of law which the court was bound to decide. The identity of the prisoner and the record of the former information, trial and acquittal, were all admitted by the State, and there was nothing for a jury to pass upon. [State v. Williams, 152 Mo. 1. c. 120; State v. Manning, 168

Mo. l. c. 429; State v. Laughlin, 180 Mo. l. c. 358; 1 Bishop's New Crim. Proc., sec. 816, subsecs. 4 and 5.]

The substantial question involved is, did the court correctly hold that the said proceedings constituted no obstacle to a trial of the defendant on the new information? On the former appeal it was ruled that the information was insufficient to sustain the verdict and sentence and for that reason the judgment was reversed and the cause remanded with permission to the circuit attorney to file a new information if he thought fit. Without restating the doctrine and the reasons in support thereof in regard to what constituted jeopardy, we will content ourselves by adopting the language of Judge PHILIPS in State v. Hays, 78 Mo. l. c. 605, 606, to-wit: "It is sufficient, for the purposes of this case, to say that if the former indictment had been sufficient to sustain a conviction, and its further prosecution had been voluntarily abandoned by the State after the impaneling of the jury, and the reading of the indictment, the defendant could not again be exposed to conviction upon the same charge. Cooley, in his admirable work on Constitutional Limitations, page 327, very succinctly asserts that a person is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon an indictment which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. 'And a jury is said to be thus charged when they have been impaneled and sworn.' There are exceptions to this general rule, among which is, that if the jury are discharged with the consent of defendant, expressed or implied; or if after verdict of guilty the same has been set aside on defendant's motion for a new trial, or the judgment arrested. [Commonwealth v. Stowell, 9 Met. 572; State v. Slack, 6 Ala. 676.]" It is the accepted doctrine that in order for a former trial and acquittal or conviction to be invoked on a plea of former jeopardy, it is essential that the former

conviction or trial must have been upon a sufficient indictment or information. Thus in State v. Manning, 168 Mo. l. c. 430, this court said: ''The indictment number 2123 was invalid on its face, and no judgment could have been rendered against defendant, and, hence, the plea in bar was lacking in this essential to a good plea of former jeopardy.'' As this court decided on the former appeal that this information was insufficient as to both counts, nothing further need be added to show that that conviction on the second count and the acquittal by inference on the first count neither amounted to jeopardy within the meaning of our Constitution and law.

III. In regard to the motion to elect, it suffices to say that the defendant cannot complain for the reason that the court withdrew the first count from the jury's consideration, and no possible harm could have resulted to him from the alleged misjoinder of the two counts. [State v. Richmond, 186 Mo. l. c. 81; State v. Carragin, 210 Mo. l. c. 365.]

It remains only to add that the arraignment was sufficient and in proper form and the evidence amply full to support the verdict.

We have carefully examined the record and have passed upon all the alleged errors assigned in the motion for new trial which appear to us to have had any merit in them.

The judgment is affirmed.

All concur.