# THE STATE v. JOSEPH BUCHFELDER, Appellant.

### Division Two, November 29, 1910.

1. **INDICTMENT: Felony: Insufficient: False Election Returns.** Where the statute makes the offense a felony, the criminal act must be alleged to have been feloniously done. So that an indictment, attempting to charge that defendant and his fellow judges and clerks at an election precinct at a general primary, made a false and fraudulent return, is fatally defective, if it fails to charge that the returns had been feloniously made, certified and returned, with the intent to change the result of said election.

2. **FALSE ELECTION RETURNS: Erroneous Instructions: Primary: Voting for Other Party Candidate.** Where defendant was being prosecuted for having, as a judge of election, at a general primary for the nomination of candidates for all political parties within the State, made a false and fraudulent return of votes cast, and a witness has testified that he voted for a certain Democratic candidate for Governor (which was not counted) and all the rest of the Republican ticket, an instruction that contained the name of such witness and making the improper counting of his ballot the basis of a verdict of guilty, was erroneous, since his ballot could not, under the statute (Laws 1907, p. 266, sec. 18), have been counted for the Democratic candidate for Governor.

3. **DEFENDANT: Failure to Testify.** A reference by the prosecuting attorney in his argument to the jury to the fact that defendant did not take the stand to testify is entirely improper.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED AND REMANDED.

*Henry M. Walsh* for appellant.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

(1) In so far as the charging part of the indictment in this case is concerned, it is a rescript of the indictment condemned in the case of State v. McGrath,

228 Mo. 413. (2) The proof of the holding of a general primary election in St. Louis and of the particular offices to be filled thereat was properly made by parol. State v. Tiernan, 223 Mo. 147. State v. Exnicious, 223 Mo. 68. (3) Witness White testified that he voted for Stapel for the nomination for Governor by writing Stapel's name on the Republican ticket. While no such vote could be counted for any one, appellant was not injured by the refusal of the court to strike out White's testimony. (4) The second paragraph of the instructions does contain the name of Ernest White as one of the voters, the improper counting of whose ballot might be made the basis of a verdict of guilty—if the jury found he cast a "legal ballot" and it was wrongfully. returned for a candidate other than the one for whom it was cast. It will have to be conceded that White's ballot could not have been counted for Stapel as a candidate for the Democratic nomination for Governor. Sec. 18, Laws 1907, pp. 266, 267. But it could have been and should have been counted for Stapel for the Republican nomination for Governor (see same section), whereas it was, as the returns show, counted if at all, for Hadley. The difficulty with the instruction is that it limits the offense of the miscounting and false returning to the returning as counted for Cowherd votes cast for Stapel for the Democratic nomination only. This limitation was made necessary by the indictment. So far as White's testimony is concerned, it alone would not warrant such an instruction. But the testimony of each of the other witnesses did warrant such a one. There can be no very good defense made for the action of the trial court in including White's name in the instruction mentioned. However, that would not necessitate a reversal in this case. Had the appellant desired the jury instructed as to the legal effect of attempting to vote for the nomination of a Democratic candidate on a Republican ticket, he should have asked it. This

he did not do. Neither was there an effort to strike out White's testimony on the ground that it did not show any vote for Stapel for the Democratic nomination. Though the instruction mentioned may be erroneous in the respect suggested, yet appellant is not in a position to complain. (5) Objection was made because the court did not further instruct the jury, but no request for any specific instruction was proffered. The objection cannot be urged here. State v. Bond, 191 Mo. 563; State v. McCarver, 194 Mo. 742; State v. West, 202 Mo. 137. (6) While counsel for the state may not refer to the fact that defendant did not testify (sec. 5243, R. S. 1909), yet the portion of the record showing such reference in, this case indicates that appellant's counsel may have provoked such reference and also shows that the court interposed, correcting the circuit attorney, and directing the jury to disregard the remark. No further rebuke was demanded. The matter is not open for discussion here. State v. Murphy, 201 Mo. 696; State v. Baker, 209 Mo. 451.

GANTT, P. J.—The defendant was indicted in the circuit court of the city of St. Louis at the October term, 1908, for making a false return in his capacity as a judge of election in the third precinct of the 16th ward of the city of St. Louis, at the general primary for the nomination of candidates for all political parties within the State of Missouri, for certain state and city offices.

The indictment covers twenty pages of closely printed matter and inasmuch as it is a rescript of the indictment in the case of State of Missouri v. McGrath, 228 Mo. 413, it is unnecessary to reproduce it here.

The defendant was duly arraigned and entered his plea of not guilty and was tried and convicted and his punishment assessed at two years in the pen-

itentiary.   After unavailing motion for a new trial he has appealed to this court.

The evidence on the part of the state tended to show that on August 4, 1908, there was a general primary election in progress in the various precincts of the several wards of the city of St. Louis, and the defendant and his co-indictees were the qualified and acting judges and clerks of the election in the third precinct of the Sixteenth ward on that day.   The evidence tended to show that several persons named in the indictment were duly registered and qualified voters and they testified that they voted for the nomination of certain candidates for office at this election, particularly for Henry F. Stapel for the office of Governor on the Democratic ticket, for which candidate the election officers returned no votes at all.   Other witnesses testified that they thought they voted, or believed they voted, for certain candidates for whom no votes were returned.   Ernest White stated that he had voted for Stapel, and the rest of the Republican ticket. There was no evidence that the votes cast for Stapel were counted in favor of and as having been cast for William S. Cowherd for candidate for nomination for Governor.

I.   This indictment in its charging part as to the false return of the result of the election is in the exact form of the indictment condemned in the case of State v. McGrath, 228 Mo. 413.   It was there ruled that the indictment in that case was fatally defective because it failed to charge that the return in said precinct by the defendant and his co-judges and clerks had been feloniously made, certified and returned or delivered to the Board of Election Commissioners, with the intent to change the result of said election. The offense with which the defendant was attempted to be charged is a felony under our law, and it is the settled law of this state that in all indictments for

felonies the criminal act must be alleged to have been feloniously done. [State v. Keating, 202 Mo. 204; U. S. v. McCabe, 58 Fed. 557.]

Inasmuch as the indictment will not support the judgment, it is deemed unnecessary to discuss the various propositions advanced by counsel as to the sufficiency of the evidence and instructions.

It is conceded by the Attorney-General that there was an error in the second paragraph of the instructions for the state in that it contained the name of Ernest White as one of the voters, the improper counting of whose ballot might be made the basis of a verdict of guilty, as White's ballot could not have been counted for Stapel as a candidate for the Democratic nomination for Governor, as he voted the whole Republican ticket otherwise. [Laws 1907, pp. 266, 267, sec. 18.]

The reference of the prosecuting attorney to the fact that the defendant did not take the stand to testify in this case, was of course entirely improper and has been sufficiently condemned in former opinions of this court.

The judgment of the circuit court is reversed and the cause remanded for the error noted.

*Burgess* and *Kennish, JJ.,* concur.