## TERRITORY *v.* ERNEST BELL.

### No. 1865.

SUBMITTED JANUARY 22, 1929.  DECIDED FEBRUARY 16, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

The indictment in this case contained three counts. The first count charged the defendant with the commission of the offense of assault and battery with a weapon obviously and imminently dangerous to life. The second count charged him with the offense of assault with a dangerous weapon with intent to commit murder and manslaughter and the third count charged him with the offense of assault with the intent to murder, maim and disfigure. The three counts were based upon the same acts and transactions. The defendant pleaded not guilty to the three counts and thereafter the prosecution elected to proceed to trial on the first count of the indictment. The case then proceeded to trial and after the prosecution and defense had rested the court instructed the jury. Instruction No. 1, requested by the prosecution and marked "given by agreement," charged the jury, among other things, that "the defendant in this case stands charged with the offense of assault and battery with a weapon obviously and imminently dangerous to life." Instruction No. 2 quoted section 4133, R. L. 1925, defining the offense charged in instruction No. 1 and continued: "In this connection you are instructed that the discharging of a shotgun loaded with gunpowder and shot by the defendant against the clothing of Louise Bell even though the said shot did not actually strike her body, is, nevertheless, an assault and battery with a weapon obviously and imminently dangerous to life." Instruction No. 10 was as follows: "I further instruct you that under the indictment herein and the evidence you may bring in any one of the following verdicts as the facts and circumstances in evidence under these instructions may warrant. 1. Guilty

as charged; 2. Not guilty." The jury by its verdict found the defendant guilty as charged.

The defendant's bill of exceptions upon which the case is now before us contains seven specifications of error. Exceptions numbered 1 to 4, inclusive, are in effect to an assumed misjoinder of offenses charged in the three counts of the indictment and are not based upon any motions or rulings thereon or upon any objections made or exceptions taken at the trial. Even if there had been a misjoinder of the offenses charged and proper and timely objection had been made thereto and exceptions had been duly preserved the error so specified would have been cured by the prosecution's election to proceed to trial upon the first count only, which sufficiently charged the single offense of assault and battery with a weapon obviously and imminently dangerous to life. Because of this election the defendant was in no way prejudiced by any defects which may have appeared in counts two and three or by the misjoinder (if there was a misjoinder) of said counts two and three with count one. See *State* v. *Keating*, 223 Mo. 86, 122 S. W. 699.

Exceptions 5 and 6 are to the giving of instruction No. 10 hereinabove set forth. These exceptions are based upon the theory that the three original counts of the indictment were before the jury and that a verdict of "guilty as charged" would not have specified the particular offense, of the different ones therein averred, of which the jury found the defendant guilty. As above set forth, the defendant was on trial for the commission of one offense only, sufficiently defined in the instructions, and the instructions did not charge that the defendant could be found guilty of any other offense. A verdict of guilty of the offense charged, therefore, could have had but one meaning, namely, that the defendant was guilty of the offense charged in count one of the indictment.

Exception 7 is to the verdict of the jury on the ground that a verdict of "guilty as charged" found the defendant guilty of no particular crime. This exception was also based upon the erroneous theory that the jurors were free to consider the charges contained in counts two and three. In the circumstances above recited the verdict is utterly unambiguous and its meaning is as set forth in the foregoing discussion of exceptions 5 and 6. See *Territory* v. *Fukunaga, ante,* pp. 697, 721.

The exceptions are overruled.

*F. M. Brooks,* Deputy City and County Attorney, for the Territory.

*L. M. Straus* for defendant.