### Robert Shoemaker v. The State.

#### No. 484.    Decided March 23, 1910.

**1.—Rape—Former Jeopardy—Dismissal—Defective Indictment.**

Where, upon trial for rape, the indictment was defective in that it omitted to allege that the prosecutrix was not the wife of the defendant, and the case was upon motion of the State dismissed after the trial had begun and the issues had been formed between the State and the defendant, no former jeopardy could be pleaded upon another trial under a new indictment alleging that the prosecutrix was not the wife of the defendant. In order that jeopardy should attach there must be a valid indictment.

**2.—Same—Former Acquittal—Former Conviction.**

There is a distinction between a plea of former conviction and that of former acquittal; the first requires that the conviction must be upon a valid indictment in a court of competent jurisdiction; while the second is authorized, whether regular or irregular, if the acquittal was obtained in a court of competent jurisdiction.

**3.—Same—Evidence—Animus of Witness—Conspiracy.**

Upon trial for rape it was reversible error not to permit the defense to show, that when the prosecutrix was upbraided for her improper conduct with a third party, she proposed to get even if her said conduct was exposed, by charging the defendant with having carnal intercourse with her.

**4.—Same—Evidence—Document.**

Upon trial of rape, where the question of the age of the prosecutrix was an issue, it was reversible error to permit a State's witness to testify as to the contents of a certain census report; it not having been shown that the original was not in existence; as this was secondary evidence.

Appeal from the District Court of Baylor.    Tried below before the Honorable Jo A. P. Dickson.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Holman & Newton* and *T. T. Bouldin* and *C. Nugent* and *Coombes*

*& Coombes,* for appellant.—On question of former jeopardy: Cases stated in the opinion.

On question of admitting secondary evidence of census report: Gorham v. Settegast, 98 S. W. Rep., 665; Edwards v. Logan, 70 S. W. Rep., 852; McLane v. Paschal, 11 S. W. Rep., 837.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was tried and convicted in the District Court of Baylor County for the offense of rape on a girl under the age of fifteen years and his penalty assessed at five years in the penitentiary.

It seems that in the early part of the year 1909 appellant was indicted in the county of Crosby for the offense of rape upon Belle Evans, the venue changed to Dickens County and in Dickens County the appellant was brought to trial upon said indictment, which contained two counts, one charging him with rape by force, threats and fraud and the other rape on a girl under the age of fifteen years. After the trial had commenced, a jury empaneled and the issue formed between the State and the appellant, and the prosecuting witness, Belle Evans, had testified, the State, becoming satisfied that there was no rape by force, dismissed the second count in the indictment and proceeded with the trial on the first count charging rape on a girl under the age of fifteen years. It was then discovered for the first time that the indictment was fatally defective because it omitted to state that the prosecutrix was not then and there the wife of appellant. When State's counsel made this discovery he suggested to the court that the jury be discharged, the case dismissed and that the defendant be held to await the action of the grand jury, and over the energetic protest of appellant and his counsel the court granted this motion on the part of the State, dismissed the case, discharged the jury, held the defendant and at a subsequent day of the term of the court, the grand jury having been reconvened, another bill of indictment was presented against the appellant charging him with rape upon a girl under the age of fifteen years, she not being the wife of appellant. When this bill of indictment was returned into court, the court of his own motion changed the venue to Baylor County and a trial being had thereon resulted in the verdict above stated.

1. In the trial of the case appellant filed a plea of former acquittal, or a plea of former jeopardy, and set out substantially the facts as above stated. The State demurred to this plea and the court sustained the demurrer on the ground that former jeopardy did not attach to the case and struck the plea out and denied appellant the right to interpose or offer evidence on that issue before the jury. A bill of exceptions was reserved to this action of the court, and we are asked to reverse the case because former jeopardy did attach and the court below erred in not submitting it to the jury. The Bill of

Rights, article 1, section 14, of our Constitution, provides: "No person, for the same offense, shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction." It has been held by this court that jeopardy attaches whenever the jury have been empaneled and sworn, the indictment read and the plea of not guilty entered, and if the indictment is a valid indictment and the State should dismiss the prosecution without a verdict, if the party should be again thereafter indicted for the same offense, he could successfully plead in bar the former trial and dismissal and could not be again tried for the same offense. Now, in order that jeopardy should attach there must be a valid indictment. The second count of the bill of indictment in the case which was dismissed, charged the appellant with rape upon a woman without her consent by force, threats and fraud. When the State failed in its proof and then dismissed this count, this action of the court could be successfully plead if the appellant should ever again be indicted for rape on the particular person by force, threats and fraud, but we hold that jeopardy does not attach to an indictment that is invalid. The second count in the indictment wherein it was attempted to charge the appellant with rape upon a girl under the age of consent was fatally defective in omitting to state that the girl was not then and there the wife of appellant. Therefore, the indictment being defective, a dismissal on the part of the State would not prevent the finding of another bill of indictment and the defendant would not be in position to plead jeopardy. Powell v. State, 17 Texas Crim. App., 345; Pizano v. State, 20 Texas Crim. App., 139; Herera v. State, 35 Texas Crim. Rep., 607, 34 S. W. Rep., 943; Hudson v. State, 9 Texas Crim. App., 151; Hirshfield v. State, 11 Texas Crim. App., 207; Mixon v. State, 35 Texas Crim. Rep., 458, and Curtis v. State, 22 Texas Crim. App., 227. Now, the second subdivision of the Constitution above quoted is: "Nor shall a person be again put upon trial for the same offense after a verdict of not guilty in a court of competent jurisdiction." Therefore an acquittal will bar any subsequent prosecution for the same offense if the trial occurs in a court having jurisdiction, whether the bill of indictment is a valid one or not. That this proposition is correct is supported by article (561) '525 of the Code of Criminal Procedure, which provides: "The only special pleas which can be heard for the defendant are: 1. That he has been convicted, legally, in a court of competent jurisdiction, upon the same accusation, after having been tried upon the merits for the same offense. 2. That he has been before acquitted by a jury of the accusation against him, in a court of competent jurisdiction, whether the acquittal was regular or irregular." It would seem from the reading of this article that there is a distinction drawn between a conviction and an acquittal. The first requires that the conviction be a legal one in a court of competent jurisdiction, that is, the conviction must be upon a legal indict-

ment, while the second authorizes the plea on an acquittal in a court of competent jurisdiction, whether the acquittal was regular or irregular. Where a party has been once placed upon trial in a court of competent jurisdiction to try an offense of the character charged, and a jury has once rendered a verdict of not guilty as to said offense, no matter how irregular the proceedings have been, the State can never again place the defendant upon trial for the same offense; but if before the verdict is reached the State discovers that the bill of indictment is fatally defective, the court may dismiss and such dismissal is not equivalent to a verdict and jeopardy will not attach unless there is a valid bill of indictment. We, therefore, hold that the court did not err in sustaining the State's motion to dismiss the plea of former jeopardy.

2. On the trial of the case when the prosecutrix, Belle Evans, was on the stand, and after she had testified that the appellant, who was her brother-in-law, had come to her bed one night when his wife was away from home and had intercourse with her, she was asked by appellant upon cross-examination if it was not a fact that one Tom Bynum on several occasions had intercourse with her, and if it was not a further fact that her sisters, Mrs. Robert Shoemaker and Mrs. Allie Clifton, after her brother, Lee Evans, had caught her in the act of intercourse with the said Tom Bynum, and thereupon had upbraided her for such conduct and insisted that if she continued to pursue this conduct with Bynum she would have to leave; and she was asked the further question if she did not say to her sisters that if they said anything more to her about it that she would get even with them by charging her brother-in-law, the appellant, with having intercourse with her. The court refused to permit the witness to answer these questions on the ground, first, that the defendant had shown no conspiracy on the part of the prosecuting witness, and Bynum and his mother to lay the blame on the appellant; and, second, appellant being prosecuted for rape on a girl under the age of consent, it was wholly immaterial whether other parties had had intercourse with her or not. The appellant proposed to prove, and says he could have proved, by Lee Evans, a boy 13 years old, and the brother of the prosecutrix, Belle Evans, that he had seen on more than one occasion his sister and Tom Bynum in a compromising attitude, and that he had acquainted his sister, Mrs. Shoemaker, the wife of appellant, with the fact; and the defendant further proposed to prove by Mrs. Shoemaker and her sister, Mrs. Clifton, that they got after their sister, Belle Evans, for her conduct with said Bynum, and told her that if she persisted in it she would have to leave the house, the prosecutrix then living with appellant and his wife. The defendant further proposed to prove by the witnesses, Mrs. Shoemaker and Mrs. Clifton, that when they upbraided their sister, the prosecutrix, in this case, she informed them that if they made any talk or blow about this matter, or tried to do anything to her that she would lay the

whole thing on her brother-in-law, Robert Shoemaker, the husband of her sister. This testimony was all objected to on the part of the State and ruled out. The contention of the appellant was that he was entitled to this testimony to show a conspiracy on the part of Bynum, his mother, and the prosecutrix to lay the blame upon him, Shoemaker, in order to protect Tom Bynum. It had already been proven in the case that the prosecuting witness did not acquaint her sisters with the conduct of her brother-in-law, the appellant in this case, but that her first intimation to anyone in regard to the same was to Mrs. Bynum, and that Mrs. Bynum inspired the commencement of the prosecution. Now, while it is no defense to prove that the prosecutrix had been having intercourse with other men, yet that is not the question here presented. Defendant proposed to show that when the prosecutrix was upbraided for her improper conduct with Bynum that she proposed to get even and to hold over her sisters to keep them silent the threat of charging her brother-in-law with improper conduct with her. This was clearly admissible as affecting the credibility of the witness and to be considered by the jury as a circumstance going to show that the defendant had never had intercourse with her. We, therefore, hold that the court below erred in not admitting this testimony.

3. On the trial of the case the State offered to prove, and did prove, over the objection of the defendant, by J. B. Renfro, who was the county judge in Briscoe County, that he was ex-officio county superintendent of Briscoe County, and had been since 1890, and was the custodian of the census reports made in his county, and that he had a census report that was made in 1897 or 1898 by Honea, who was the scholastic census enumerator; that he had seen that report, and over the objection of the defendant he was permitted to tell what the report contained. He said that he had given that report—the original—to Mr. Honea, and Honea gave it to Mr. Glasgow, the district attorney. Mr. Glasgow testified that he had received the report from Judge Renfro, but had left it in his office in another county and did not have it present. The defendant objected to the contents of said report being presented in evidence because the proof showed that the original was in existence, and was not lost or destroyed, and that the proof offered on the trial of the case was prejudicial to the defendant and was secondary evidence. These objections made by the defendant were overruled and the court permitted the State to show by the witness what the report contained, and also allowed the witness Honea, who was the census enumerator, to tell what the report contained. Now, in view of the fact that the testimony was sharply drawn in this case as to the age of the prosecuting witness, the State contending that she was born in 1894, and the defendant contending that she was born in 1892, makes this census report pertinent and relevant, because the census report was taken in 1897 or 1898, long before any controversy came up about the age. The State had already

offered testimony of the census enumeration that had occurred at a separate date and as to what the wife of the defendant said in the presence of the defendant as to prosecutrix's age. That report was offered in evidence and showed that the birth of this girl was set down as occurring in 1894. The wife of the defendant, as well as the defendant, state that they gave the birth in as of 1892, and that this was a mistake of the enumerator as to it being in 1894 if it was so put down in said report. Now, if the county judge of Briscoe County is correct, and if the census was taken in 1897 or 1898, this child must have been born before 1894, and if the enumeration spoken about by the county judge was taken in 1897 or 1898, the prosecutrix was but three or four years old if she was born in 1894, and therefore the scholastic census enumerator would have nothing to do with taking her age. In the light of the record, in this case we think the court erred in permitting secondary evidence of a written instrument, in existence, to be offered on the trial of this case.

There are several other questions arising in the case and exceptions to testimony, but we think that they go to the weight of the testimony and not to the admissibility of same, and for that reason will not be considered.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*