## J. C. HAMPTON v. THE STATE.

No. 7912.   Decided October 8, 1924.

No motion for rehearing filed.

**1.—Negligent Homicide—Jeopardy.**

Where indictment charges negligent homicide in the second degree, in three counts, but does not charge negligent homicide in the first degree, and the jury convicts of negligent homicide of first degree, jeopardy attaches, and defendant, cannot again be placed on trial for negligent homicide of second degree.

**2.—Same—Indictment—Negligent Homicide.**

A charge of negligent homicide of the first degree does not include such homicide of the second degree. The elements of these two offenses are entirely different. Both offenses can, however, be charged in the same indictment and both may be submitted to the jury without election.

Appeal from County Court at Law of Wichita County.   Tried below before the Hon. Guy Rodgers, Judge.

Appeal from a conviction of negligent homicide and his punishment fixed at a fine of $1,000.

*Bonner, Bonner & Sanford,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the county court at law of Wichita county of negligent homicide, and his punishment fixed at a fine of $1,000.

This is the second appeal of this case.   See 92 Texas Crim. Rep., 441, 244 S. W. Rep., 525.

The question of jeopardy is presented and from our conclusion thereon, seems decisive of this appeal.   The facts supporting the plea of jeopardy are agreed.   Appellant was put on trial at a former term upon the same complaint which forms the basis of the present prosecution.   Each of the three counts therein charged negligent homicide in the second degree.   There was no count charging negligent homicide of the first degree.   All three of said counts were read to the jury and to each and all of them appellant pleaded not guilty, upon the first trial.   After hearing the evidence the learned trial judge submitted in his charge to the jury the law of negligent homicide of both the first and second degree, telling the jury what to do in case they found him guilty of either offense.   He was found specifically guilty

98 T. C.—11.

of negligent homicide of the first degree.    Under the unbroken line of authorities in this State this was tantamount to an acquittal under each of the three counts charging him with negligent homicide in the second degree.    Betts v. State, 60 Texas Crim. Rep., 631; Hewitt v. State, 167 S. W. Rep., 40; Milner v. State, 169 S. W. Rep., 899; Parks v. State, 46 Texas Crim. Rep., 105; Elliott v. State, 49 Texas Crim. Rep., 435; Stephens v. State, 36 Texas Crim. Rep., 386.    As we view the matter there can be no application to the instant case of the doctrine of Article 772 of our C. C. P. which makes certain offenses include others.    A charge of negligent homicide of the first degree cannot include such homicide of the second degree, nor vice versa.    The distinction between the two offenses rests upon the proposition as to whether the accused at the time of the homicide was engaged in a lawful enterprise, acting negligently; or whether he was engaged in an unlawful enterprise.    Both offenses are misdemeanors and may be charged in the same indictment by separate counts, and both may be submitted to the jury without election.    However, the pleader in this case did not see fit to insert any count charging negligent homicide of the first degree, but by reason of the learned trial judge's submission to the jury of an offense not charged, they saw fit to acquit appellant of the offense for which he is now here convicted.    Such a conviction cannot legally stand.    The State's attorney before our court has admitted that the conviction is erroneous. We are compelled to agree with him, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*