JAMES MELVIN BLEVINS V. THE STATE.

No. 22879. Delivered May 31, 1944.
Rehearing Denied January 3, 1945.

HAWKINS, Presiding Judge, dissenting on rehearing.

The opinion states the case.

*William C. McDonald, Clyde Vinson,* and *D. I. Durham,* all of San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of theft and his punishment was assessed at confinement in the state penitentiary for a term of ten years.

This is the second appeal in this case. The opinion rendered by this court on the first appeal may be found reported in (146 Texas Crim. Rep. 390) 176 S. W. (2d) 172. We reversed the judgment in that case on the ground of a defective count in the indictment under which he was convicted. That indictment contained two counts: The first charged that the appellant, James Melvin Blevins, did unlawfully and fraudulently take 588 diamond and wedding rings, marked with the Harry & Ben Frackman Co. Jewelry stamp, and being of the total value of $8,792.-58; that the same was the corporeal personal property of E. F. Burger, etc. For the purpose of enhancing the punishment, it was further charged in a separate paragraph that appellant had been theretofore duly and legally convicted in the District Court of Tarrant County of an offense of like character, to-wit; theft of an automobile over the value of fifty dollars. The second count charged him with the theft of the identical property as that charged in the first count, and further charged two prior convictions for offenses of like character. The jury found him guilty under the first count, from which judgment he appealed

to this court. We held the first count insufficient to charge an offense and ordered that the prosecution be dismissed. Thereafter, the grand jury re-indicted him and properly charged him in due form with the theft of 588 diamond and wedding rings from E. F. Burger, and further charged that he had theretofore been convicted in the District Court of Tarrant County with an offense of like character, to-wit: Theft of an automobile over the value of fifty dollars.

On his trial in the instant case, appellant filed a plea of former jeopardy which was in due form, but the trial court declined to sustain the same, and his conviction followed. He contends here, as he did in the trial court, that inasmuch as he was convicted at the former trial upon the first count in that indictment, which was defective, and that the jury acquitted him upon the charge of the primary offense in the second count, his plea of former jeopardy should be sustained. We are not in accord with his contention. It is true that the State, in the former indictment, charged him in each count with the primary offense of the theft of the jewelry, and in addition thereto, charged in the first count, one prior conviction, and in the second count, two prior convictions. Both counts were submitted to the jury who found him guilty under the first count without any finding as to the second count, which was an implied acquittal, not of the primary offense because they expressly found him guilty of the primary offense under the defective count. To hold otherwise under the peculiar facts of this case would bring the jury's action on both counts in conflict with each other. The verdict of a jury, as well as the law, must be given a reasonable construction so as to avoid, if possible, any conflict or contradiction.

While we have been unable to find any decision by the courts of this state involving the question here presented, we do find a decision rendered by the Supreme Court of Missouri in the case of State v. Keating, 122 S. W. 699, which is analogous to the instant case. In that case the court decided the question adversely to the appellant and in consonance with the opinion here expressed. However, if we should hold that the implied acquittal is apparently in conflict with the expressed finding of the jury, still their positive and expressed finding, which excludes the presumption of his acquittal of the primary offense, must be given effect over the implied finding. Moreover, the jury may have concluded that he was guilty of the primary offense charged in the second count of that indictment, but failed to find that he had theretofore been twice convicted of an offense of like character, as charged in the second count.

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing, appellant challenges the conclusion that the question presented in the Missouri case of State v. Keating, 122 S. W. 699, is the same as that before us on this appeal. We think the original opinion correctly discussed the case.

If the finding of the jury under the first indictment constituted an acquittal of appellant of the offense charged in the second count of that indictment and, further, if that be the charge upon which he was subsequently convicted, then jeopardy attached and his plea should be sustained. The primary offense is the same in both counts of the first indictment. The first count was fatally defective, as held in the former appeal, because it failed to contain all of the necessary allegations. The first count charged one prior offense and the second count charged two. It appears, therefore, that the jury's finding of guilt under the first count is not inconsistent with the guilt of the primary offense in the second count and cannot be so construed as to hold that it amounted to an acquittal under said count. He could have been found guilty under the first count and still be guilty under the second. In fact, a finding of guilt under the first count of necessity made him guilty of the primary offense under the second.

Furthermore, the indictment involved in the case now before us is only a correction of the bad count in the first indictment and it is merely incidental that it has the same language as that part of the second count of the first indictment charging the primary offense. In the state of the record, we think the plea was not available and the original opinion correctly so held.

Appellant's motion for rehearing is overruled.

GRAVES, Judge (concurring).

My Brethren are at difference relative to the disposition of this cause on motion for rehearing, so I give my views relative thereto.

On the former trial of this cause, see 176 S. W. (2d) 173, it was shown that the two counts in the indictment were both concerned with theft of the same finger rings of the total value of $8,792.58. In such first count charging this theft it was also alleged that the accused had been previously convicted of one further felony; in the second count therein the same theft of the same rings was charged, and it was also charged therein that the accused had committed two previous felonies. Both counts were submitted to the jury by the court, and they found a verdict of guilt on the first count. Upon an appeal to this court, the first count in the indictment was found to be fatally defective, and such cause was reversed and dismissed.

· Undoubtedly, according to our decisions, appellant herein could not be again convicted of the matters set forth in the second count of the first indictment, although it cannot be said that he has been acquitted of the major and prior offense of theft of the rings. The jury found him guilty of the theft of the rings and also of having had one prior conviction. The jury cannot be said to have found him guilty of the main transaction in the first count and not guilty of the same main transaction in the second count, they being one and the same main transaction, but they did discard the two convictions in the second count, and our Texas decisions hold him to have been in jeopardy on such count. I think the proper reasoning to be that the first count having but one prior transaction, and the second count having two prior transactions, the jury were not satisfied with the proof of two transactions, but were satisfied with the proof of the one prior theft; therefore they found that the accused was guilty of the theft of the rings, and also of the one alleged prior theft in the first count, there being an acquittal by inference, if an acquittal at all, on the second count. Ultimately, however, the first count in the indictment was found to be faulty in that it failed to charge from whom the rings were taken, and such fault was found upon an appeal to this court, and the prosecution thereunder was ordered dismissed. A grand jury thereafterwards again indicted appellant for the matters set forth in the first count in the original case, alleging only the one prior conviction found in the bad count of the first indictment.

We all agree that a conviction under a faulty indictment is not sufficient to establish a plea of former conviction thereon,

and if the present indictment had charged two separate prior convictions, I think the question would have been an entirely different one.

A majority of the court remains of the opinion that the case of State v. Keating, (Mo.) 122 S. W. 699, is helpful herein where it lays down the doctrine that:

"It is the accepted doctrine that, in order for a former trial and acquittal or conviction to be invoked on a plea of former jeopardy, it is essential that the former conviction or trial must have been upon a sufficient indictment or information. Thus in State v. Manning, 168 Mo., loc. cit. 430, 68 S. W. 341, this court said: 'The indictment * * * was invalid on its face, and no judgment could have been rendered upon it, and hence the plea in bar was lacking in this essential to a good plea of former jeopardy'."

We also quote from the case of State v. Reeves, (Mo. Sup. Ct.) 208 S. W. 87, a portion of which is an excerpt from Brown v. United States, 2 Ind. T. 582, 52 S. W. 56, as follows:

" 'If an indictment contain more than one count, and different offenses are set up in different counts, then, on conviction on one, and silence by the jury as to the other, the defendant stands acquitted as to the counts not mentioned in the verdict, and as to those counts, a plea of former jeopardy will be sustained, even though on the motion of the defendant the verdict of guilty on the count upon which he was convicted be set aside and a new trial granted. In such case he can only be again put upon his trial on the count of the indictment upon which he had been convicted. But when the different counts are simply formal variations in stating the same offense, then the granting of a new trial opens the whole case, and the defendant may be put upon his trial, and convicted on any of the counts.' 2 Ind. T. loc. cit. 590-591, 52 S. W. 58.

"Any other view would, to our mind, lead to an absurdity. It would amount to saying that the mere inference of acquittal arising from the silence of the verdict as to certain counts was strong enough to overcome a verdict of guilty finding expressly to the contrary under a count charging the identical crime."

In Vol. 22, Corpus Juris, Sec. 272, p. 409, we find: "* * * and where accused has been found guilty on one of several counts, and the verdict is silent as to the others, and he obtains

a new trial, he can be prosecuted only for the crime of which he was found guilty, and may plead a prior acquittal as to the other counts," citing in support thereof, among other cases, Martin v. State, 189 S. W. 262, 80 Tex. Cr. Rep. 275. We also find the same text on the same page supporting the doctrine laid down in the case of Hampton v. State, 98 Tex. Cr. R. 161, 265 S. W. 164, cited by Presiding Judge Hawkins herein, with which we have no quarrel. It is again noted, however, that this text, same page, lays down the following:

"Where an indictment is for but one offense, although charged in several counts in different ways, and the jury returns a verdict of guilty under one count and is silent as to the remaining counts, the silence of the verdict is not an implied acquittal on such counts as to entitle accused after reversal to be discharged as having been once acquitted."

We think the case of Shoemaker v. State, 58 Tex. Cr. R. 518, 126 S. W. 887, to be of benefit herein. In the first count of the indictment in that case the accused was charged with rape on a girl under the age of consent; in the second count therein the accused was charged with the rape of this girl by force, threats and fraud. After accused had plead to the indictment, and the prosecutrix had testified, the trial court being satisfied that no force, threats or fraud had been used, dismissed the second count so charging. Soon thereafter it was discovered that the first count of the indictment was fatally defective in that it failed to negative the fact that the prosecutrix was not the wife of the accused, whereupon the State moved the court to discharge the jury and dismiss the case, which was done over accused's protest. A subsequent grand jury indicted the accused, charging him with this rape upon a girl under fifteen years of age, she not being his wife, and upon a conviction upon this count, it being the defective one in the first case, this court upheld the action of the trial court in striking out the appellant's plea of former jeopardy based upon the above facts. The court held therein that accused could not again have been placed upon trial for rape by force, threats and fraud upon this girl, the count therefor having been a good one and having been dismissed, but that the first count relative to the girl being under age, being an invalid one, the accused could again be indicted only for the rape under the age of consent.

We think the case of Aven v. State, 102 Tex. Cr. R. 478, 277 S. W. 1080, is fairly in point. Aven was charged with poisoning his wife, there being four counts in the indictment; upon his

trial he was found guilty on the first count, and assessed a death penalty. See 95 Tex. Cr. R. 155, 253 S. W. 521. This first case was reversed on motion for a rehearing, and Aven was again put upon his trial, at which trial he again received the death penalty. Upon an appeal of this second trial this court said:

"Appellant argues at length, and ingeniously, that because the indictment herein contained four counts, each charging murder by poison, to all of which upon his original trial he pleaded not guilty, and that conviction was therein had upon the first count, he has been in jeopardy under the other counts, and, the case having been carried to the Court of Criminal Appeals and there reversed under a former conviction, and being on trial after said reversal upon the first count of said original indictment, that jeopardy had attached in the case, of which fact judicial knowledge was had in the trial court and that appellant should have been freed from this prosecution for said reason. Had this matter been raised in the trial court the contention of appellant would have been properly overruled. No such doctrine obtains. We do not think it necessary to analyze the proposition at length. To so hold would introduce in our practice in this State a ruling destructive of the rights of the state to plead various counts charging various phases of a single transaction in one indictment, and in all such cases would free the accused where new trials had been granted or reversals had on appeal."

In line with what seems to us to be the better reasoning, we hold that the State was within its rights when it presented a valid indictment charging appellant with the theft of these rings and one prior conviction, and that jeopardy did not attach under the previous faulty first count in the indictment. Thus believing, the motion is overruled.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge (dissenting).

This is a theft case, the punishment being ten years in the penitentiary. This is a second appeal. The opinion upon the former appeal will be found in (146 Texas Crim. Rep. 390) 176 S. W. (2d) 173.

The sole question here presented is that the trial court committed error in rejecting appellant's plea of former jeopardy. Regarding this matter the facts are undisputed and reveal the

10

following: Upon the first trial appellant was charged by indictment containing two counts. In the first count it was sought to charge appellant with the primary offense of felony theft, followed by an averment that he had theretofore been convicted of one similar felony. This count was fatally defective in attempting to charge the primary offense. (See case as reported on former appeal.) In the second count appellant was charged with the identical primary offense of felony theft, followed by averments that he had been theretofore convicted of two prior felonies, one of which was the same prior conviction alleged in the first count. The second count was in all things valid, and properly alleged the commission by appellant of the crime of felony theft which had been defectively alleged in the first count. Upon that trial both counts were submitted to the jury which expressly found appellant guilty under the first defective count. Because of such defect the judgment of conviction was reversed and the prosecution ordered dismissed. The State then secured a new indictment charging appellant with the identical primary offense of felony theft—the same offense which had been properly and sufficiently charged in the second count of the first indictment—followed by an averment of conviction of one prior felony. This appeal is from a conviction under the new indictment.

When the present case was called for trial appellant interposed a plea of former jeopardy. The plea was not based upon the defective first count in the first indictment because appellant's counsel recognizes the universal holding that no jeopardy arises from a trial upon an indictment, or a count in an indictment that charges no offense, and concedes in his brief that no former jeopardy would be maintainable if there had been in the first indictment only the fatally defective first count. The authorities sustaining the foregoing proposition are so numerous it is only necessary to refer to Sec. 225, Vol. 12, Tex. Jur., and the cases cited thereunder. Appellant bases his plea of former jeopardy upon the proposition that there was in the first indictment a good count,—number two—which did charge him correctly with the primary offense of felony theft, and in connection therewith also averred a conviction of the same prior felony charged in connection with the first count. It is appellant's position that when he plead to said second count and it was submitted to the jury he was in jeopardy—danger of conviction (under a proper charge of the court) for the very same primary offense charged in the present indictment, and under proper instructions, if convicted, subject to the additional punishment permitted if shown to have been convicted of the prior felony alleged.

Art. 1, Sec. 14 of our Constitution in the Bill of Rights, provides: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."

The Legislature in furtherance of this constitutional guarantee enacted Arts. 8 and 9 of the Code of Criminal Procedure. Art 8 is an exact duplicate of the quotation from the Bill of Rights. Art. 9 reads as follows: "An acquittal of the defendant exempts him from a second trial or a second prosecution for the same offense, however irregular the proceedings may have been; but if the defendant shall have been acquitted upon trial in a court having no jurisdiction of the offense, he may be prosecuted again in a court having jurisdiction."

Our courts in preserving these constitutional and statutory guarantees have from time to time announced certain principles as applicable and controlling. Among these is the rule that where an accused has been tried on an indictment containing several counts and is convicted on a designated count he may not thereafter be tried again on the other counts. 12 Tex. Jur. Crim. Law, Sec. 245, p. 565; Branch's Ann. P. C., Sec. 628; Gilliam v. State, 131 Tex. Cr. R. 8, 96 S. W. (2d) 86, and authorities therein cited. The language of the various cases differs. In some it is said that the defendant has been acquitted on the other counts; others that jeopardy has attached on the other counts, and still others say that the other counts pass out of the case. The legal effect is the same, whatever language is employed.

The present writer has made a rather diligent search to find if the exact question here presented has been heretofore decided. I find no case in this state with precisely the same state of facts. In preparing an opinion of affirmance it was thought that State v. Keating, 122 S. W. 699,—a Missouri case—was almost directly in point. However, our attention is now directed to the fact that in writing in the Keating case the Missouri court expressly stated that on a former appeal it had been held that *both* counts in the inddictment then before them charged no offense. This being true, it would appear that no jeopardy attached on either count in the former indictment before that court. If both counts in the first indictment against appellant had been fatally defective in this case we would hesitate to hold that appellant's plea of former jeopardy was good. The extent to which our court has gone in giving effect to the constitutional and statutory safeguards against double jeopardy is demon-

strated in Mixon v. State, 35 Tex. Cr. R. 458, 34 S. W. 290, and the many cases citing it with approval found in Shepard's S. W. Reporter Citations. Mixon had been convicted at a prior trial of manslaughter upon a defective indictment charging him with murder. The judgment of conviction was reversed and the cause remanded. A new indictment was secured again charging him with murder. He plead former jeopardy and acquittal of the murder charges upon his prior conviction of manslaughter. His contention was upheld by this court, based largely upon what is now Art. 9 C. C. P., heretofore set out in this opinion. It will be noted that in the Mixon case the offenses of which the court there held the defendant had been acquitted were defectively charged in the first indictment, whereas in the present case the defect was in the count upon which the conviction was had, and the good count was the one upon which an inferential acquittal or jeopardy is claimed. If both counts in the first indictment in the present case had been good and conviction had been on the first count and a new trial awarded for some reason it is suggested that perhaps as far as appellant's claim of jeopardy would have extended would have been to deny the State the right to have again placed him upon trial upon a charge which included the averments of *two* prior felony convictions. However, that question is not before us and we do not decide it, but merely suggest the probable effect of such a situation.

The case nearest in point from our own court, or that has been discovered from any jurisdiction, is Hampton v. State, 98 Tex. Cr. R. 161, 265 S. W. 164. The accused was charged in three counts of negligent homicide of the second degree. Notwithstanding this, the trial court submitted to the jury and authorized Hampton's conviction of negligent homicide in the first or second degree. The jury convicted him of negligent homicide of the first degree, an offense not covered by, or contained in, the pleading of the State. Such conviction was by this court reversed (92 Tex. Cr. R. 441, 244 S. W. 525) because "there was no pleading justifying the submission of negligent homicide of the first degree." Thereafter, Hampton was put upon trial for the offense of negligent homicide of the second degree, as charged in the original information, and over his plea of jeopardy to the effect that he had been acquitted thereof. He was convicted. This court sustained Hampton's contention that he had been under the facts stated acquitted of negligent homicide of the second degree by the verdict of the jury in the first trial. Hampton's case was cited with approval in Gilliam v. State, (supra).

In principle, I have been unable to distinguish that case from the one now before us. In Hampton's case the court authorized conviction for an offense not charged in the State's pleadings. In the present case the court authorized a conviction upon a count which was fatally defective and which ought not to have been submitted to the jury at all, and doubtless would not have been had the defect in the first count been observed. The good count was also submitted exactly as was done in the Hampton case. Appellant was in danger—jeopardy—of conviction under said good count; and as said before, under proof of the primary offense and one prior felony conviction, subject to exactly the same punishment assessed under the bad count.

I have reached the conclusion that appellant's motion for rehearing should be granted, the judgment of affirmance set aside and the judgment of the trial court now reversed and the prosecution ordered dismissed.

My brethren have reached a different conclusion, and I respectfully record my dissent.