**Melvin PERKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00209–CR.**

Court of Appeals of Texas, San Antonio.

June 12, 1985.

Richard Langlois, San Antonio, for appellant.

E. Bruce Curry, Kerrville, for appellee.

Before ESQUIVEL, BUTTS and REEVES, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for aggravated sexual abuse.[1] The jury found appellant guilty and assessed punishment at life imprisonment.

The sole ground of error is that appellant's plea of double jeopardy should have been granted. The original indictment in this case contained three paragraphs, each alleging a different way of committing aggravated sexual abuse pursuant to TEX. PENAL CODE ANN. § 21.05(a).[2]

---

1. Section 21.05(a), amended by Acts 1981, 67th Leg., p. 203, ch. 96, eff. Sept. 1, 1981, provided:

   a) A person commits an offense if he commits sexual abuse as defined in Section 21.04 of this code or sexual abuse of a child as defined in Section 21.10 of this code and he:

   (1) causes serious bodily injury or attempts to cause death to the victim or another in the course of the same criminal episode;

   (2) by acts, words, or deeds places the victim in fear of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone;

   (3) by acts, words, or deeds occurring in the presence of the victim threatens to cause death, serious bodily injury, or kidnapping to be inflicted on anyone; or

   (4) uses or exhibits a deadly weapon in the course of the same criminal episode.

2. The indictment provided, in pertinent part, that appellant did on or about the 11th day of March, 1982:

   Count I.
   unlawfully and with intent to arouse and gratify his own sexual desire, engage in deviate sexual intercourse with [complainant], who was not then his spouse, without the effective consent of [complainant], by intentionally and knowingly compelling the said [complainant] by force and threats directed to [complainant] to use her mouth on the genitals of Melvin Perkins, *and by acts, words and deeds placed [complainant] in fear of death, serious bodily injury and kidnapping to be inflicted on [complainant]:*

   Count II
   unlawfully and with intent to arouse and gratify his own sexual desire, engage in deviate sexual intercourse with [complainant], who was not then his spouse, without the effective consent of [complainant], by intentionally and knowingly compelling the said [complainant] to use her mouth on the genitals of Melvin Perkins, *and used and exhibited a deadly weapon, to-wit, a knife, in the course of the same criminal episode:*

   Count III
   unlawfully and with intent to arouse and gratify his own sexual desire, engage in deviate sexual intercourse with [complainant], who was not then his spouse, without the effective consent of [complainant], by intentionally and knowingly compelling the said [complainant] by force and threats directed to [complainant] to use her mouth on the genitals of Melvin Perkins, *and by acts, words and deeds occurring in the presence of complainant threatened to cause death, serious bodily injury and kidnapping on [complainant].*

   \*     \*     \*     \*     \*     \*

   [Emphasis added to highlight the differences in the allegations constituting aggravated sex-

■ Following the submission of evidence to the jury, the trial court granted the defense motion for an instructed verdict on count II, finding there was insufficient evidence of the use or exhibition of a deadly weapon to submit that instruction to the jury. This was clearly an acquittal as to use and exhibition of a deadly weapon to commit the offense of aggravated sexual abuse.

■ Count III was not submitted to the jury because the State elected to abandon that allegation after the evidence was presented. Abandonment by the State also resulted in an acquittal as to the allegation of aggravation that appellant, by acts, words and deeds occurring in complainant's presence, threatened to cause death, serious bodily injury and kidnapping on the complainant. That the State with the trial court's permission may abandon a paragraph of the indictment charging an offense is without question. *See Ex parte Scelles*, 511 S.W.2d 300, 301 (Tex.Crim. App.1974); *Slay v. State*, 117 Tex.Crim. 519, 33 S.W.2d 459, 460 (1930); *Kelley v. State*, 79 Tex.Crim. 402, 185 S.W. 874, 875 (1916). An indictment may contain separate paragraphs charging the same offense. TEX.CODE CRIM.PROC.ANN. art. 21.24(b) (1966–1985 Vernon Supp). Therefore in the first case the conviction rested upon paragraph I only.

Appellant presented his plea of former jeopardy when he was put to trial after reversal of his first case. The court of appeals, after the State's confession of error in the indictment (f.n.1, *see* first paragraph), reversed that conviction. The allegations in that paragraph (count I) omitted the essential element "imminently," and the appellate court agreed the conviction was founded upon a void indictment.

Appellant in his second trial waived an indictment and proceeded to trial upon an information. The information, it is agreed by all, states the same allegations, however, with correction by adding *imminently*, as contained in paragraph I (count I) of the original indictment. No attack is leveled against the new allegations except that of former jeopardy.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb...." TEX. CONST. art. I, § 14 provides:

> No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.

*See also* TEX.CODE CRIM.PROC.ANN. art. 1.10 (Vernon 1977) which codifies this constitutional provision. Appellant, in the present case, does not invoke the "autrefois convict" protection of the Texas Constitution and statutes which is included in the Fifth Amendment protection also. It is his contention that the acquittals of "counts" II and III (actually paragraphs setting out different allegations) resulted in an acquittal of the offense of aggravated sexual abuse. The subsequent prosecution, he argues, was therefore barred. We do not agree.

The same argument met with no success in *Shoemaker v. State*, 58 Tex.Crim. 518, 126 S.W. 887 (1910). At the first trial that defendant was charged in a two paragraph (called count) indictment for rape, the first paragraph alleging by force, threats, and fraud, the second alleging "a girl under the age of 15 years." After jeopardy had attached, the State dismissed the paragraph averring force, threats, and fraud and continued trial only upon the other charge. The State discovered at that time that an essential element (the prosecutrix was not then and there the wife of the defendant) had been omitted.

The case was dismissed, and a grand jury subsequently returned a new indictment charging rape upon a girl under the age of fifteen years who was not then and there

ual abuse under § 21.05(a), in effect at the time of the commission of this offense]. Subsequently repealed by Acts 1983, 68th Leg., p. 5321, ch. 977, § 12, eff. Sept. 1, 1983.

the wife of the defendant. Upon retrial that defendant filed his plea of former jeopardy.

The *Shoemaker* court noted that upon dismissal of an invalid indictment, a retrial is not precluded because there is no jeopardy. *Id.* at 888.

The court further agreed that an acquittal will bar any subsequent prosecution for the same offense if the trial occurs in a court having jurisdiction, whether the indictment is a valid one or not. The court then held that when the State discovers a fatal defect in the indictment before the verdict is reached, such dismissal is not equivalent to a verdict, and jeopardy will not attach unless there is a valid indictment. *Id.* at 888.

In *Blevins v. State*, 148 Tex.Crim. 2, 184 S.W.2d 290 (1945), the indictment charged the primary offense, theft of 588 rings, in two different counts. The reason for two counts was to allege different enhancement paragraphs, the first for one prior felony conviction, the second for two prior felony convictions. Both counts alleged the same theft offense. The jury found him guilty of the first one (one prior conviction). But the appellate court held the count to be invalid as not charging an offense. The defendant was reindicted for the same offense, theft, and the same prior enhancement provision was alleged.

His jeopardy argument at the second trial was that the acquittal of the charge of the primary offense in the second count acquitted him of the first count also. The *Blevins* court held that the implied acquittal by the jury of the second count was not an acquittal of the primary offense. The jury had expressly found him guilty of theft, the primary offense.

In the concurring opinion it was stated that the defendant could not again be convicted of the matters set forth in the second count of the first indictment, although it could not be said that he had been acquitted of the major and primary offense of theft of rings. *Id.* at 292. "The jury cannot be said to have found him guilty of the main transaction in the first count and not

guilty of the same main transaction in the second count, they being one and the same main transaction. . . ." On the next page the court cites *Aven v. State*, 102 Tex. Crim. 478, 277 S.W. 1080, 1083 (1925), where that defendant was charged with murder in four counts of the indictment, each charging murder by poison. That jury convicted him on the first count, but the case was reversed. Upon retrial he plead jeopardy, "he has been in jeopardy under the other counts." That court stated, "Had this matter been raised in the trial court, the contention of appellant would have been properly overruled. No such doctrine obtains."

The defendant in *Gilliam v. State*, 131 Tex.Crim. 8, 96 S.W.2d 86 (1936) was charged in a three count (paragraph) indictment alleging embezzlement by him (1) as an officer of an incorporated institution; (2) as chairman of the finance committee of said institution; and (3) as a trustee of said institution. After the evidence was presented, the State elected to proceed only on the first allegation, for which he was convicted. The conviction was later reversed. The *Gilliam* court held he was wrongfully put to trial on all three counts at his second trial because he had been acquitted of the last two counts at his first trial. *Id.* at 88. The court then suggested that upon another trial of the defendant on the first count of the indictment it must be as some officer other than a trustee or chairman of the finance committee.

In the present case had appellant urged his plea of former jeopardy at the first trial after the two paragraphs alleging matters different from the first paragraph were removed by abandonment and directed verdict, the plea would not have been well taken, and the trial court would properly have overruled it. The plea for former jeopardy has no new life breathed into it by reason of the reversal of the case resulting from the defective indictment. We hold the appellant could be retried for the primary offense of aggravated sexual abuse, the aggravating features to be alleged and proved being those matters alleged in the

first paragraph of the indictment at the first trial. The information sets out the same matters. He was acquitted of those matters alleged in the second and third paragraphs of that first indictment, and could not have been retried upon those.

We overrule the ground of error. The judgment is affirmed.